IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEMICONDUCTOR ENERGY
LABORATORY CO., LTD.,                                   OPINION AND ORDER

                Plaintiff,                          09-cv-1-bbc

    v.

SAMSUNG ELECTRONICS CO., LTD.,
S-LCD CORPORATION, SAMSUNG
ELECTRONICS AMERICA, INC., and
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for patent infringement, defendants Samsung Electronics Company, Ltd., S-LCD Corporation, Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC have moved to transfer venue under 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Virginia, which they allege is familiar with the issues in this case and is a more convenient forum for key witnesses. Dkt. #15. Plaintiff Semiconductor Energy Laboratory Company, Ltd. opposes the transfer, arguing that the parties have no connection to Virginia and that there is no related case in that district at this time. Dkt. #33.

1

After analyzing the factors under § 1404(a), I find that defendants have failed to show that transfer to Virginia is clearly more convenient or necessary to promote judicial efficiency, particularly in light of the fact that the parties' previous litigation in that state ended eleven years ago. Therefore, defendants' motion to transfer venue will be denied.

From the complaint and the documents the parties submitted in conjunction with the pending motion, I find the following facts to be undisputed.

FACTS

A.  Parties

Plaintiff Semiconductor Energy Laboratory Company, Ltd. is a Japanese corporation with a principal place of business in Atsugi-shi, Japan. Plaintiff undertakes research and development in the fields of semiconductor thin-film transistor technology, thin-film integrated circuits, liquid crystal display technology and organic light-emitting diode displays. Plaintiff has never had an office or conducted any research, design, development, engineering or manufacturing activities in the United States. All documents relating to the patents-in-suit are located in Japan.

Defendants Samsung Electronics Company, Ltd. (Samsung Electronics) and S-LCD Corporation (S-LCD) are Korean corporations, with their principal places of business in South Korea. Samsung Electronics owns a majority of the stock in and controls S-LCD.

2

Defendant Samsung Electronics America, Inc. (Samsung Electronics America) is a New York corporation with a principal place of business in Ridgefield Park, New Jersey. Samsung Electronics America is a wholly owned subsidiary of Samsung Electronics. Defendant Samsung Telecommunications America, LLC (Samsung Telecommunications) is a Delaware corporation with a principal place of business in Richardson, Texas. Samsung Telecommunications is a subsidiary of Samsung Electronics. All defendants manufacture, assemble, import, distribute and sell LCD (liquid crystal display) products throughout the United States, including Wisconsin.

### B.  Patents-In-Suit and Alleged Infringing Products

Plaintiff owns all rights, titles and interest in the following patents:

1.  United States Patent No. 6,900,463 (the '463 patent), entitled "Semiconductor Device," issued on May 31, 2005;

2. United States Patent No. 7,215,402 (the '402 patent), entitled "Electronic Device Having Liquid Crystal Display Device," issued on May 8, 2007;

3.  United States Patent No. 7,394,516 (the '516 patent), entitled "Liquid Crystal Display Device Having A Particular Conductive Layer," issued on July 1, 2008; and

4.  United States Patent No. 7,413,937 (the '937 patent), entitled "Semiconductor Device," issued on August 19, 2008.

3

The accused products include large-screen televisions, computer monitors, laptop computers, digital cameras and mobile phones with LCD screens. The LCD screens in each of these products are based on technology in which microscopically thin films of semiconductor and other materials are formed sequentially to create "thin-film transistors" that individually turn on and off millions of pixels in a display. The technology helps create sharp images and vibrant colors. The patents-in-suit are directed to that technology.

Until June 30, 2005, defendants held a license to manufacture and sell plaintiff's LCD panels in the United States. After defendants' license lapsed on June 30, 2005, the parties attempted to negotiate a license renewal. After failing to reach an agreement, plaintiff filed suit for patent infringement in this court on January 2, 2009. Defendants sold the accused products at issue in this case on or after May 31, 2005.

## C.  Witnesses

Shunpei Yamazaki is the president of plaintiff and an inventor of three of the four patents-in-suit. He works and resides in Japan. Between January 1995 and May 2000, Yamazaki traveled to the Eastern District of Virginia 11 times to meet with examiners from the United States Patent and Trade Office or plaintiff's patent prosecution attorneys. Since May 2000, Yamazaki has not traveled to Virginia but has traveled 27 times to Chicago, Illinois, to meet with plaintiff's attorneys.

Gerald Ferguson is a retired lawyer who lives in Fairfax County, Virginia. Before he retired in 1999, Ferguson prosecuted most of plaintiff's patents. He will appear voluntarily for a videotaped deposition in the vicinity of Washington, D.C. and, if necessary, will travel to Wisconsin to testify at trial.

Eric Robinson, Jeffrey Costellia, John Hayden and Roberto Devoto are attorneys in Virginia or Washington, D.C., who have prosecuted plaintiff's patent applications. All are willing to appear voluntarily for videotaped depositions or at trial in Wisconsin.

### D.  Previous Litigation

In October 1996, plaintiff filed suit in the Eastern District of Virginia, alleging that the Samsung defendants in this case infringed the following patents belonging to it: United States Patent No. 5,349,204 (the '204 patent), United States Patent No. 5,521,400 (the '400 patent) and United States Patent No. 5,543,636 (the '636 patent). These patents relate to semiconductor materials, devices and thin film transistors, which are used in high-quality flat panel displays known as Active Matrix Liquid Crystal Displays (AMLCDs). AMLCDs are used in portable laptop computers and the video screens in television sets and desktop computers. The '463 patent at issue in the instant suit and the '636 patent at issue in the 1996 suit have some claims limitations in common. However, every claim of the '636

patent contains a low impurity limitation, which requires a low concentration of carbon, nitrogen or oxygen in the channel region of a transistor.

In support of plaintiff's opposition to a motion to transfer venue of the 1996 case, Yamazaki averred that plaintiff's "contacts are significantly closer to the Eastern District of Virginia than to any other district in the United States" for the following reasons: 1) plaintiff's patents are its primary products and its patent attorney, Ferguson, and the United States Patent and Trade Office are located in the Eastern District of Virginia; 2) many documents relating to the prosecution of plaintiff's patents are located in Ferguson's office; and 3) as the inventor of the patents-in-suit and plaintiff's president, Yamazaki would be a key witness, and he travels to the Eastern District of Virginia any time he visits the United States.

On March 3, 1998, United States District Court Judge Ellis entered a stipulation and order by which plaintiff agreed not to assert the '204 and '400 patents, "or any reissues, reexaminations or continuations of those patents, against any Samsung active matrix display having the same thin film transistor structure, including impurity levels, as Samsung's current products." Semiconductor Energy Laboratory Company v. Samsung Electric Company, Case No. 96-1460-A (E.D. Va. Dec. 6, 1996) (SEL I). A month later, Judge Ellis found that plaintiff had engaged in inequitable conduct during the prosecution of the '636

patent, rendering the entire patent unenforceable. Semiconductor Energy Laboratory Company v. Samsung Electric Company, 4 F. Supp. 477, 496 (E.D. Va. 1998).

In 2000, plaintiff filed suit in the District Court for the District of Columbia, alleging that the Samsung defendants had infringed its United States Patent No. 6,028,264 (the '264 patent), relating to the level of carbon in the material used to make active matrix displays. Semiconductor Energy Laboratory Company v. Samsung Electric Company, Case No. 00-750 (D.D.C. Aug. 2, 2000) (SEL II). The district judge transferred that case to the Eastern District of Virginia because plaintiff had no ties to the District of Columbia, plaintiff had asserted in SEL I that the Eastern District of Virginia was the center of its United States activities and the threshold question in the case was whether plaintiff had violated the stipulation and order entered in SEL I. SEL II, case no. 00-750, Aug. 2, 2000 order, at 3-4.

## DISCUSSION

28 U.S.C. § 1404(a) allows a district court to transfer a case when the moving party has shown that transfer would serve the convenience of parties and witnesses and promote the interests of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). This requires an analysis of (1) the plaintiff's choice of forum; (2) the convenience to parties; (3) the convenience to witnesses; and (4) the interests of justice. Transfer is proper when venue is proper in the transferor district, the transferee district is one in which

7

the action could have been brought and the transferee court is "clearly more convenient." Id. The parties do not deny that venue is proper in this court or that the action could have been brought in the Eastern District of Virginia.

### A. Choice of Forum and Convenience to Parties

Neither of these factors is dispositive. Plaintiff has never had an office or conducted any research, design, development, engineering or manufacturing activities in the United States. Most of the defendants are foreign corporations and none has an office in Virginia.

Relying on Yamazaki's 1996 affidavit, defendants attempt to argue that Virginia is more convenient for plaintiff. This argument is not persuasive for two reasons. First, defendants focus on plaintiff's convenience and not their own. Presumably, if plaintiff chose to file suit in Wisconsin, it is willing to overlook any inconvenience associated with litigating in this forum. In re National Presto Industries, Inc., 347 F.3d 662, 664 (7th Cir. 2003) ("unless the balance is strongly in favor of the *defendant*, the plaintiff's choice of forum should rarely be disturbed") (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (emphasis added)). Second, things have changed in the past 13 years. In 1996, Yamazaki averred that plaintiff's patent attorney, Ferguson, and many documents were located in Virginia and that Yamazaki traveled regularly to Northern Virginia and the District of Columbia. He now avers that since May 2000, he has traveled primarily to Chicago, Illinois

8

to meet with plaintiff's attorneys and that all relevant documents are located in Japan. Thus, Virginia is no more convenient to the parties than Wisconsin. Id. ("when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff").

### B. Convenience to Witnesses

To demonstrate this convenience, defendants are required to "clearly specify the key witnesses to be called" and submit "affidavits, depositions, stipulations, or any other type of document containing facts tending to establish who (specifically) it planned to call or the materiality of that testimony." Heller Financial, Inc. v. Midwhey Powder Company, Inc., 883 F.2d 1286, 1293-94 (7th Cir. 1989). Defendants assert that key witnesses will include Yamazaki and the lawyers involved in plaintiff's patent prosecution: Ferguson, Eric Robinson, Jeffrey Costellia, John Hayden, Scott Harris, Roberto Devoto and Joseph Stevenson. Although as previously explained, Wisconsin is more convenient for Yamazaki, all of the lawyers except for Harris and Stevenson reside in either Virginia or Washington, D.C.

As plaintiff points out, defendants state definitively only that Yamazaki and Ferguson will be called as witnesses. With respect to the other patent lawyers, defendants state that "inequitable conduct will be a very important defense" and "access to these witnesses is

9

particularly important." Dkt. #15, at 14. However, even if the lawyers' testimony is necessary, typically the location of such non-party witnesses is an important factor only when court compulsion is necessary to get such witnesses to testify. Milwaukee Electric Tool Corp. v. Black & Decker (N.A.) Inc., 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005). Although defendants may prefer the in-court testimony of its witnesses, they fail to provide reasons why they cannot obtain deposition testimony in this patent suit, when "'in patent actions, depositions are customary and are satisfactory as a substitute for technical issues.'" Adams v. Newell Rubbermaind Inc., No. 07-C-313-S, 2007 WL 5613420, at *3 (W.D. Wis. Aug. 21, 2007) (quoting Medi USA, L.P. v. Jobst Institute, Inc., 791 F. Supp. 208, 211 (N.D. Ill. 1992)). Further, all of the attorneys have agreed to be deposed and, if necessary, travel to the Western District of Wisconsin to testify. Under the circumstances in this suit, the convenience-to-witnesses factor favors neither side in the transfer analysis.

### C. Interest of Justice

The interest of justice includes such concerns as insuring speedy trials and trying related litigation together. Heller, 883 F.2d at 1293 (citing Coffey, 796 F.2d at 221). These interests may be determinative in a particular case, even if the convenience of the parties and witnesses would suggest a different result. Coffey, 796 F.2d at 221. In this case, this factor is neutral.

10

Defendants' primary argument is that because the parties litigated similar technology and patents in the Eastern District of Virginia, the interests of justice require transfer of this case to Virginia. They assert that Virginia will resolve this case just as fast as this court and that speed is not an important factor in this case because plaintiff does not practice its patents and has waited four years to assert the patents-in-suit. Although I agree that this court would not decide this case any faster than Virginia, I am not persuaded that the previous litigation between the parties compels transfer.

Defendants argue that even though <u>SEL I</u> occurred almost 11 years ago, Judge Ellis is familiar with the parties and LCD technology at issue in this case. In support of their argument that the cases are sufficiently related, defendants cite the 2000 decision by the district court in <u>SEL II</u> to transfer the parties' case involving LCD technology to Virginia. However, the threshhold issue in <u>SEL II</u> was whether plaintiff violated a stipulation and order entered by the District Court for the Eastern District of Virginia. Defendants also allege that plaintiff is attempting to circumvent Judge Ellis's invalidation of the '636 patent by asserting several similar claims in the '463 patent. Even though both the '636 and '463 patents involve similar technology, the '636 patent has more specific limitations than the '463 patent. <u>SEL I</u>, 4 F. Supp. 2d at 478 ("It is the combination of the specific structure together with the low impurity levels that constitutes the invention.").

11

Even if the inequitable conduct found in the previous case becomes relevant to the patents-in-suit, the fact that Virginia previously hosted litigation involving the same issues is of minimal import. Acer, Inc. v. Technology Properties Ltd., 2009 WL 279330, *2 (N.D. Cal. Feb. 4, 2009) (citing Micron Technology, Inc. v. Mosaid Technologies, Inc., 518 F.3d 897, 905 (Fed. Cir. 2008) ("While the well-known patent forum of the Eastern District of Texas has heard cases involving some of the same patents, the record does not show any ongoing litigation requiring consolidation.")); see also Furmanite America, Inc. v. Durango Associates, Inc., 662 F. Supp. 348 (E.D. Va. 1986) (because parties entitled to de novo, impartial consideration, prior judicial experience is more negative than affirmative reason for transfer) (citing Codex Corp. v. Milgo Electronic Corporation, 553 F.2d 735, 739 (1st Cir. 1977)). Given that a completely different patent is at issue in this case, no related case is pending in Virginia, Judge Ellis has taken senior status and there is no guarantee that he even would be assigned or take the case, I find that the interest-of-justice factor does not weigh in favor of transfer.

Because defendants have failed to show that the Eastern District of Virginia is a clearly more convenient forum or that the interests of justice necessitate transfer to that district, defendants' motion to transfer venue will be denied.

ORDER

IT IS ORDERED that the motion of defendants Samsung Electronics Company, Ltd., S-LCD Corporation, Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC to transfer venue to the United States District Court for the Eastern District of Virginia, dkt. #15, is DENIED.

Entered this 8th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge