IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| SEMICONDUCTOR ENERGY<br>LABORATORY CO., LTD., | ORDER |
| Plaintiff, | 09-cv-1-bbc |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD.,<br>S-LCD CORPORATION, SAMSUNG<br>ELECTRONICS AMERICA, INC., and<br>SAMSUNG TELECOMMUNICATIONS<br>AMERICA, LLC, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before the court in this patent infringement case is a motion filed by defendants Samsung Electronics Company, Ltd., S-LCD Corporation, Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC to compel plaintiff Semiconductor Energy Laboratory Company, Ltd. to answer their Interrogatory No. 5, which asks plaintiff to identify each accused product and explain how each product infringes the patents-in-suit. Dkt. #62. Magistrate Judge Crocker held a telephonic hearing on July 29, 2009 to discuss the motion but reserved ruling on the motion until the court could give more consideration to the issue.

1

In its amended complaint, plaintiff identified the accused products under the '463 patent using the physical criterion of products that incorporate an amorphous-semiconductor panel. With respect to the other three patents-in-suit, plaintiff listed some of the accused products by model number but used broad criterion language to include other products with the same or substantially similar structure or manufacturing process. In responding to Interrogatory No. 5, plaintiff produced claim charts and figures identifying representative products to illustrate how defendants' products infringe the relevant patent. Plaintiff then stated that its "allegations of infringement are not limited to these representative products because the other accused products infringe in substantially the same manner." Dkt. #64, Exh. A, at 8.

Defendants argue that they are entitled to a complete identification of the accused products so that they are not left guessing which products are accused and to limit the scope of discovery. I agree. Although plaintiff characterizes "[t]he fundamental issue in this motion as notice," the only question before the court is whether defendants are entitled to a response to their interrogatory asking which of its specific products plaintiff is accusing. They are. PPT Ord., dkt. # 37 at 2 ("Pleadings must identify each claim in each patent being asserted and each accused device. If the current pleadings do not do this, they must be amended to do so. A party may not assert a claim or accuse a device that is not specifically identified in the pleadings."). Plaintiff argues that the criterion is the only

2

practical way for it to identify the accused products at this stage because it does not know all the specific model numbers or other identifying information used by defendants. According to plaintiff, this information is in the possession and control of defendants. That may have been true before discovery commenced in this case. However, defendants have now identified at least 1500 products that meet the amorphous-semiconductor criterion set forth by plaintiff. Therefore, plaintiff should be able to respond to Interrogatory No. 5 at least with respect to those 1500 products.

Plaintiff states that it offered to supplement its interrogatory responses to add specific accused model numbers once it receives a complete list from defendants but defendants declined that option. However, a review of the correspondence between the parties shows that plaintiff has not yet attempted to respond to Interrogatory No. 5 with respect to the specific model numbers identified by defendant. It appears from the parties' correspondence and statements made by plaintiff at the hearing that plaintiff may be waiting for a comprehensive list from defendants before responding. That approach is inadequate. Plaintiff must respond to the interrogatory using the information that it has in its possession and then later supplement its response as new product information is produced by defendants. This holds true for all the patents-in-suit.

Another issue not discussed at length in the briefs but raised by the court at the hearing was whether plaintiff had to provide a claim chart for each of the accused products

3

or could rely instead on representative charts. Plaintiff may provide representative charts as long as it is clear which chart applies to which products. Defendants suggested that plaintiff provide a chart by substrate size for each of the six major product lines that they manufacture using LCDs. Although plaintiff thought the burden of producing such charts would be manageable, it stated that it needed more information. Because the parties may have been able to reach an agreement with respect to claim charts, I will wait to hear from the parties before providing further direction on this issue.

ORDER

IT IS ORDERED that the motion to compel filed by defendants Samsung Electronics Company, Ltd., S-LCD Corporation, Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC, dkt. #62, is GRANTED. Plaintiff Semiconductor

Energy Laboratory Company, Ltd. has until September 14, 2009 within which to respond to the discovery request.

Entered this 12th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5