IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SEMICONDUCTOR ENERGY LABORATORY CO., LTD., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD.; S-LCD CORPORATION; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, AND SAMSUNG MOBILE DISPLAY CO., LTD., <br><br> Defendants and Counterclaim Plaintiffs. | CIVIL ACTION NO. 3:09-CV-00001-BBC <br><br> Hon. Barbara B. Crabb <br><br> Magistrate Judge Stephen L. Crocker |

**MEMORANDUM IN SUPPORT OF SEL'S MOTION TO BAR EVIDENCE RELATED TO UNPLEADED INEQUITABLE CONDUCT ALLEGATIONS**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................ 1

STATEMENT OF FACTS ................................................................................................................. 1

I.     Defendants Do Not Allege The Certificate Of Correction Theory In Any Of Their Four Sets Of Inequitable Conduct Allegations Filed By December 15, 2009. .................... 1

II.    Mr. Carmichael's December 15, 2009 Report Included The Certificate Of Correction Theory. ................................................................................................................ 2

III.   Defendants Filed Two Additional Sets Of Inequitable Conduct Allegations After December 15, But Did Not Plead The Certificate Of Correction Theory. ......................... 4

ARGUMENT ....................................................................................................................................... 5

CONCLUSION .................................................................................................................................... 7

# INTRODUCTION

The December 15, 2009 expert report of Defendants' inequitable conduct expert, James Carmichael, contains a new theory of inequitable conduct against the '463 Patent. That new theory alleges that the '463 Patent is unenforceable under the doctrine of "infectious unenforceability" because SEL allegedly committed inequitable conduct in connection with another patent, U.S. Patent No. 5,543,636 ("'636 Patent"), a patent that is not a patent-in-suit in this case, by filing a Certificate of Correction after the '636 Patent issued (the "Certificate of Correction theory").

The Certificate of Correction theory has neither been pled by Defendants in any of their six amended Answers nor have Defendants moved the Court for leave to plead it. Accordingly, this motion seeks an order preventing Defendants from presenting evidence of the new Certificate of Correction theory at trial.

# STATEMENT OF FACTS

The following facts are pertinent to this motion.

## I. DEFENDANTS DO NOT ALLEGE THE CERTIFICATE OF CORRECTION THEORY IN ANY OF THEIR FOUR SETS OF INEQUITABLE CONDUCT ALLEGATIONS FILED BY DECEMBER 15, 2009.

Between January 2, 2009, the date this case was commenced, and December 15, 2009, the date of Mr. Carmichael's report, Defendants filed four sets of inequitable conduct allegations. These allegations were filed in various answers and amended answers on April 9, July 1, July 14, and September 10, 2009. (Dkts. 17, 57, 60, 83.)

As of December 15, 2009, Defendants' operative pleading was their First Amended Answer, Defenses and Counterclaims to Plaintiffs' First Amended Complaint ("First Amended Answer"), which had been filed on September 10, 2009. (Dkt. 83.) The First Amended Answer did not allege the Certificate of Correction theory. Instead, it alleged four other theories of

inequitable conduct against the '463 Patent: (1) alleged failure to disclose to the '463 Examiner "related" litigation involving the '636 Patent (*id.*, ¶¶ 83-109); (2) alleged failure to disclose the '974 Patent to the '463 Examiner (*id.*, ¶¶ 110-124); (3) alleged misrepresentation of experiments described in the '463 specification (*id.*, ¶¶ 125-135); and (4) infectious unenforceability of the '463 Patent based on SEL's alleged attempt to "recapture" claims of the '636 Patent held unenforceable for inequitable conduct in 1998 (*id.*, ¶¶ 136-149).

On November 25, 2009, Defendants filed a Motion For Leave To File A Second Amended Answer. (Dkt. 144.) Although this motion sought leave to add more inequitable conduct allegations, none of the proposed additional allegations were related to the Certificate of Correction theory. The November 25 motion was pending and undecided as of December 15, 2009.

Accordingly, as of December 15, Defendants neither had pled nor moved for leave to plead the Certificate of Correction theory.

## II.     MR. CARMICHAEL'S DECEMBER 15, 2009 REPORT INCLUDED THE CERTIFICATE OF CORRECTION THEORY.

On December 15, 2009, Defendants' inequitable conduct expert, Mr. Carmichael, served his expert report. (Dkt. 251.) Mr. Carmichael opined on some (but not all) of the four inequitable conduct theories against the '463 Patent pled in the First Amended Answer filed in September 2009. (*Id.*, pp. v, 88-116.) In addition, Mr. Carmichael's report included opinions on two new issues: (i) the Certificate of Correction theory (*id.*, ¶¶ 250-90); and (ii) a brief opinion alleging inequitable conduct based on SEL's alleged submission of "forged" documents in the prosecution of a patent not involved in this case (*id.*, ¶¶ 291-318).

Mr. Carmichael's Certificate of Correction theory is highly complicated and layered, but appears to proceed as follows:

2

1. On September 27, 1996, after the '636 Patent issued, Dr. Yamazaki filed a Request for Certificate of Correction in which he sought to correct a typographical error in issued Claim 10 (*id.*, ¶ 252);

2. According to Mr. Carmichael, rather than filing a Request for Certificate of Correction, Dr. Yamazaki should have applied for a reissue of the patent (*id.*, ¶¶ 286-90);

3. If Dr. Yamazaki had applied for a reissue patent, he would have been required to disclose to the '636 Examiner the then-pending '463 claims and the "Canon" and "Tsai" references (*id.*, ¶¶ 257-58);

4. Then, if Dr. Yamazaki had disclosed to the '636 Examiner the pending '463 claims and the Canon and Tsai references, the '636 Examiner would have issued an obviousness-type double patenting rejection of the '636 claims (*id.*, ¶¶ 259-60);

5. Then, if the '636 Examiner (Ms. Crane) had issued an obviousness-type double patenting rejection, the '463 Examiner (Mr. Jackson) "would have been alerted and would have issued a rejection of the '463 claims for double patenting over the invention claimed in the '636 Patent" (*id.*, ¶ 288);

6. Mr. Carmichael concludes that through these mostly hypothetical events, Dr. Yamazaki "gained an advantage" in the '463 application by avoiding an obviousness-type double patenting objection and that the '463 Patent should be deemed unenforceable under the doctrine of infectious unenforceability. (*Id.*, pp. 100, 104.)

Mr. Carmichael's Certificate of Correction theory was new as of December 15, 2009. Although Defendants' First Amended Answer contained an allegation of "infectious unenforceability," that allegation was based on the theory that SEL amended the claims of the '463 Patent in an attempt to "recapture" claims from the '636 Patent that had been held unenforceable due to inequitable conduct by a federal court in Virginia in 1998. (Dkt. 83, ¶¶ 147-49.) It was not based on the filing of a Certificate of Correction after issuance of the '636 Patent to correct a typographical error. Nothing in the First Amended Answer alleged or implied in any way that the '463 Patent was unenforceable based on the Certificate of Correction theory.[1]

---

[1] We note that the Certificate of Correction theory is not something that was considered or discussed by the Virginia court in any way in 1998 and was not the basis of its inequitable conduct ruling in 1998. Therefore, the Certificate of Correction theory would require this Court to, first, make a *de novo* finding that SEL committed inequitable

3

### III. DEFENDANTS FILED TWO ADDITIONAL SETS OF INEQUITABLE CONDUCT ALLEGATIONS AFTER DECEMBER 15, BUT DID NOT PLEAD THE CERTIFICATE OF CORRECTION THEORY.

After submission of Mr. Carmichael's report on December 15, Defendants have filed one additional motion for leave to add new inequitable conduct allegations and two additional Amended Answers. None of those filings have pled, or sought leave to plead, the Certificate of Correction theory.

On December 28, Defendants filed a Motion for Leave to File a Third Amended Answer. (Dkt. 156.) (This motion was filed during the time that Defendants' November 25 Motion For Leave To File A *Second* Amended Answer remained pending and undecided.) The December 28 motion sought leave to add the forgery theory of inequitable conduct, which was one of the two new theories of inequitable conduct contained in Mr. Carmichael's December 15 report. (Dkt. 251, ¶¶ 291-318.) The December 28 motion did not, however, seek leave to plead the Certificate of Correction theory, the other new theory set forth in Mr. Carmichael's December 15 report.

On January 14, the Court issued an Order denying Defendants' November 25 Motion For Leave to add certain new inequitable conduct allegations, but granting Defendants' December 28 Motion For Leave to plead the "forgery" inequitable conduct allegations. (Dkts. 179, 178.) The Court ordered Defendants to file an Amended Answer by January 22.

On January 22, Defendants filed their Third Amended Answer and Counterclaims pursuant to the Court's January 14 Order. (Dkt. 197.) The Third Amended Answer remains Defendants' operative pleading to this day. The Third Amended Answer contains five discrete

---

conduct in connection with the separate '636 Patent (and find that inequitable conduct occurred *after* that Patent issued), and, second, make an additional finding that the filing of the Certificate of Correction had an "immediate and necessary relationship" to the issuance of the '463 Patent such that the '463 Patent should be held unenforceable.

4

allegations of inequitable conduct against the '463 Patent, but does not plead the Certificate of Correction theory:

1. Alleged failure to disclose to the '463 Examiner related litigation involving the '636 Patent (*id.*, ¶¶ 83-109);[2]

2. Alleged failure to disclose the '974 Patent (*id.*, ¶¶ 110-24);

3. Alleged misrepresentation of experiments in the '463 specification (*id.*, ¶¶ 125-36);

4. Infectious unenforceability of the '463 Patent based on SEL's alleged efforts to "recapture" claims from the '636 Patent that were held unenforceable in a separate 1998 litigation (*id.*, ¶¶ 137-50); and

5. Alleged submission of documents with non-genuine signatures in a separate patent application, the '102 Application (*id.*, ¶¶ 151-70).

Thus, Defendants have not alleged the Certificate of Correction theory in any of their six sets of inequitable conduct allegations filed to date.[3] Defendants also have not moved for leave to include the Certificate of Correction allegations at any time prior to this motion.

## ARGUMENT

This Court should bar Defendants from presenting evidence at trial related to the Certificate of Correction theory asserted in Mr. Carmichael's December 15 expert report for two reasons.

*First,* Defendants have failed to plead the Certificate of Correction theory in their pleadings. This Court has made clear that all inequitable conduct theories must be alleged in a Defendants' Answer. *E.g.*, *Extreme Networks, Inc.*, 2007 WL 5448209, at *1 (W.D. Wis. Dec. 31, 2007) (denying motion for leave to file amended inequitable conduct defense after deadline for filing

---

[2] On January 14, 2010, the Court dismissed this claim with prejudice. (Dkts. 179, 178.) It is not clear why Defendants re-pled this claim in their Third Amended answer on January 22, 2010.

[3] Defendants also filed a Second Amended Answer And Counterclaims on January 15, 2010. (Dkt. 187.) This Second Amended Answer was filed pursuant to a January 5 Order of this Court on SEL's Motion To Dismiss the First Amended Answer. (Dkt. 170.) The Second Amended Answer does contain the Certificate of Correction theory of inequitable conduct.

amended pleadings); *Procter & Gamble Co. v. McNeil-PPC, Inc.*, 2009 WL 196826, at *13-14 (W.D. Wis. Jan. 26, 2009) (citing *Extreme Networks*) (same); *Hyperphrase Techs., LLC v. Microsoft Corp.*, 2003 WL 23200357, *1 (W.D. Wis. Sept. 2, 2003) (same). Under the Court's Preliminary Pretrial Conference Order, the deadline for amending the pleadings in this case was June 29, 2009. (Dkt. 37, p. 1.) Defendants failed to amend their Answer to include the Certificate of Correction theory as a basis for inequitable conduct before that date. Moreover, although Defendants moved several times after the June 29 deadline for leave to add new inequitable conduct allegations (some of which the Court granted), Defendants did not move to include the Certificate of Correction theory as basis for inequitable conduct in any of their post-deadline motions for leave.

Rule 16(f) states that a party who fails to comply with a scheduling order is subject to sanctions under Rule 37(b)(2)(A)(ii)-(vii). Fed. R. Civ. Proc. 16(f). The relief available under Rule 37(b)(2)(A) includes: "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Because Defendants have not pled the Certificate of Correction theory or moved for leave to add it, they are in violation of the Court's Preliminary Pretrial Conference Order and the only appropriate remedy is to bar the presentation of the Certificate of Correction theory as a basis for inequitable conduct at trial. *See Young v. Brand Scaffold Servs., LLC*, 2009 WL 4674050, at *5 (E.D. Tex., Feb. 24, 2009) (excluding expert testimony due to failure to obey scheduling order); *Baskerville v. Culligan Intern. Co.*, 1994 WL 162800, at *4 (N.D. Ill. Apr. 25, 1994) (excluding evidence because of party's failure to obey court order).

*Second,* any testimony as to the Certificate of Correction theory should be barred as irrelevant to any issues properly before the Court. Rule 702 of the Federal Rules of Evidence provides that expert testimony must be both reliable and relevant to the facts and issues in the

6

case. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). Evidence is relevant if "it is information that makes the facts pertaining to the claims or defenses in the pleadings more or less likely than without that information." *Hall v. Sullivan*, 231 F.R.D. 468, 472 (D. Md. 2005); *see also Northwest Territory Ltd. P'ship v. Omni Props., Inc.*, 2007 WL 915438 (D. Colo. Mar. 23, 2007) (determination of relevance based on issues raised in the pleadings). Here, the Certificate of Correction theory is not relevant to any issue in the case because the theory is not contained in any of the pleadings in which Defendants' theories of inequitable conduct were required to be alleged. *See Daubert*, 509 U.S. at 591 ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."). Accordingly, Defendants should be precluded from introducing expert testimony in support of the Certificate of Correction theory.[4]

## CONCLUSION

For the foregoing reasons, the Court should enter an Order barring Defendants from presenting evidence at trial relating to the Certificate of Correction theory of inequitable conduct set forth for the first time in Mr. Carmichael's December 15, 2009 expert report.

---

[4] For example, Defendants should specifically be precluded from introducing expert testimony related to Mr. Carmichael's report ¶¶ 250-90 (Dkt. 251) and Dr. Fair's report ¶¶ 461-63, Exhibit T (Dkt. 250) which are intended by Defendants to support the Certificate of Correction theory.

7

Dated: March 24, 2010                                    Respectfully submitted,

                                                                        */s/ Terrence J. Truax*
Donald R. Harris (dharris@jenner.com)
Terrence J. Truax (ttruax@jenner.com)
Steven R. Trybus (strybus@jenner.com)
Jeffrey A. Koppy (jkoppy@jenner.com)
JENNER & BLOCK, LLP
353 North Clark Street
Chicago, IL 60654-3456
Telephone: 312-222-9350

Anthony A. Tomaselli
(anthony.tomaselli@quarles.com)
Kristin Graham Noel
(kristin.noel@quarles.com)
QUARLES and BRADY LLP
33 East Main Street
Suite 900
Madison, Wisconsin 53703
Telephone: 608-283-2615

ATTORNEYS FOR PLAINTIFF
SEMICONDUCTOR ENERGY
LABORATORY CO., LTD.